■ KATHERINE FUNCHESS, Respondent, v UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Appellant.—Judgment, Supreme Court, New York County, entered July 18, 1979, modified, on the law and the facts, to reduce the amount thereof to the principal sum of $20,550, plus interest, and costs thereof, and otherwise affirmed, without costs. There having been no disagreement on the facts, the trial court, without apparent objection, dismissed the jury and proceeded to dispose of the case as a matter of law. Suit was for twice the face value of a policy of life insurance having a double indemnity provision for violent death. The decedent met his end at the point of a gun. So far as is pertinent to this appeal, two affirmative defenses sought rescission, upon tendered refund of premiums, because of misrepresentation of age, the age of 37 having been stated in the application instead of 47. The difference between the two, claimed defendant, was material because the actual age would have, under the company's rules, required a physical examination. Materiality of representation to

provide a basis for rescission was not proven. There was no showing that coverage would have been refused had the truth been told, or that the insured suffered at any time from any condition whatever which would have increased the carrier's risk, nor was any reason whatever assigned for the misstatement. Certainly, it was not demonstrated that the incorrect information had anything whatever to do with the actual cause of death or that its happening was thereby accelerated. In the circumstances, the trial court properly invoked section 155 (subd 1, par [d]) of the Insurance Law, requiring a provision in every policy—and found in the subject contract—that, if the age of an insured has been misstated, the benefit payable would be limited to such as the premium would have bought at the proper age. By stipulation in open court (CPLR 2104), the appropriate amount was agreed to be $20,550, and we modify accordingly. Concur—Birns, J. P., Sandler, Ross, Markewich and Yesawich, JJ.